UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 6, 2016

LETTER TO COUNSEL

RE:   *Columbia Gas Transmission, LLC v. 252.071 Acres, More or Less, in Baltimore County, Maryland, et al.;* Civil Case No. ELH-15-3462

Dear Counsel:

Pursuant to an order referring this case to me for discovery, [ECF No. 223], I have reviewed the Motions to Compel filed by both parties, and the oppositions and replies thereto. [ECF Nos. 222, 224]. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Defendants' Motion to Compel will be GRANTED IN PART and DENIED IN PART; and Plaintiff's Motion to Compel will be GRANTED IN PART and DENIED IN PART.

**I. Background**

Plaintiff Columbia Gas Transmission LLC ("Columbia") is authorized by the Federal Energy Regulatory Commission ("FERC") to engage in the business of transporting natural gas. Columbia has operated a natural gas pipeline ("Line MB"[1]) in and around Baltimore County since the 1960s. *See* Pl.'s Compl., [ECF No. 1 at 22]. Columbia now seeks to construct and operate an extension to Line MB. *Id.* FERC issued a certificate of public convenience and necessity to Columbia for this purpose on November 21, 2013. *Id.* Subsequently, Columbia filed a complaint in condemnation against numerous owners of interest in real property ("Defendants") seeking temporary and permanent easements on Defendants' property necessary to carry out the project. *Id.* Defendants Dean L. and Jill K. Fiergang, Mary M. Herndon, Robert and Joan M. Iwanowski, Chanan and Adriana Levy, Benjamin Lowentritt, Steven G. and Lisa C. Luray, Lee Snyder, and Timothy S. Wang are involved in the instant discovery dispute.

In March, 2016, U.S. District Judge Ellen L. Hollander granted Columbia's Motion for Partial Summary Judgment and Immediate Possession, allowing Columbia to begin surveying and construction activities and to take immediate possession of the areas of Defendants' property over which easements are sought. *See* [ECF Nos. 163, 164]. The only issues remaining before the Court involve determining "whether Columbia is entitled to any permanent land rights in this

---

[1] The parties alternate between referring to the existing natural pipeline as "Line MB" (*see, e.g.,* [ECF No. 1 at 22]) and "Line MA" (*see, e.g.,* [ECF No. 222-2 at 5]; *see also* [ECF No. 163 at 12]). I will refer to the existing natural pipeline as "Line MB" and the project as "Line MB Extension," consistent with the initial complaint in this matter.

matter" and "the amount of any just compensation owed to the [Defendants] in this matter." Order Granting Pl.'s Mot. for Immediate Possession of the Easements, [ECF No. 181 at 3]. The instant discovery dispute relates to the latter of these two issues.

The parties' Amended Scheduling Order set a discovery deadline of November 4, 2016. *See* [ECF No. 221]. The parties exchanged interrogatories and requests for production beginning in January, 2016. *See* [ECF Nos. 222 at 1-3, 224 at 1-4]. Answers and responses from both sides, as well as discussions intended to cure perceived deficiencies, followed. *Id.* Despite these efforts, Defendants filed their Motion to Compel Discovery Responses on July 13, 2016. *See* [ECF No. 222]. Columbia's Motion to Compel Discovery Responses followed on July 14, 2016. *See* [ECF No. 224].

Each party disputes the adequacy of several of its opponent's Responses to Document Production Requests and Answers to Interrogatories. Specifically, the following Answers and Responses are contested:

- Columbia's Responses to Defendants' Requests for Document Production Nos. 9, 16, 20, 21, and 23 as to Defendants Fiergang, Herndon, Iwanowski, Levy, Lowentritt, and Luray;
- Columbia's Responses to Defendants' Requests for Document Production Nos. 27, 28, and 30 as to Defendant Herndon;
- Columbia's Responses to Defendants' Requests for Document Production Nos. 27 and 28 as to Defendants Lowentritt and Fiergang;
- Columbia's Responses to Defendants' Requests for Document Production No. 27 as to Defendant Iwanowski;
- Columbia's Answers to Defendants' Interrogatories Nos. 1 and 18 as to Defendants Fiergang, Herndon, Iwanowski, Levy, Lowentritt, and Luray;
- Defendants' Response to Columbia's Request for Document Production No. 3 as to Defendants Fiergang, Herndon, Iwanowski, Levy, Lowentritt, Luray, Snyder, and Wang; and
- Defendants' Answer to Columbia's Interrogatory No. 14 as to Defendants Fiergang, Herndon, Iwanowski, Levy, Lowentritt, Luray, Snyder, and Wang.

I will address each of these disputes in turn.

## II. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In determining proportionality, the Court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### III. Discussion

   A. **Defendants' Motion to Compel**

      1. **Graphic representations, surveys, construction and engineering plans, and related visual and technical information**

         i. **Request for Document Production No. 9**

Defendants' Request for Document Production No. 9 asks Columbia to produce all graphic representations, such as photographs, maps, diagrams or surveys, relating to the Defendants' Property. Defs.' Mot. to Compel, [ECF No. 222-1 at 7]. Columbia contends Request No. 9 is overly broad, unduly burdensome, and irrelevant to the extent it seeks graphic representations of Defendants' property prior to the date of the taking. *Id.* Nonetheless, Columbia promised to produce any plats depicting the easements it seeks to acquire relating to Defendants' property, and reserved the right to supplement its Response with documents produced as part of its expert disclosures. *Id.* at 7-8. Defendants claim that Response No. 9 is deficient because Columbia has limited its production to plats amounting to "rough sketches of the properties and Line MB locations" that lack specificity as to the location of the lots, as well as the permanent and construction easements sought. *Id.* at 1-2, 8. In its Opposition, Columbia insists that it has already produced all non-privileged and responsive documents it possesses relating to this Request and, therefore, that Defendants' motion to compel should be denied. Pl.'s Opp., [ECF No. 222-2 at 2].

According to Judge Hollander's finding, Columbia has furnished the following graphic representations:

- A set of maps identifying "each particular lot for which Columbia seeks an easement relative to adjacent properties and major roads;"
- A set of maps containing "diagrams purporting to show the path of the pipeline and the proposed easement on each tract of affected land;" and
- Revised plats supplying "(1) a bar scale that depicts the actual distances on the plat, (2) the location of the existing Line MA pipeline, (3) the location of the Line MB easement as approved by FERC, and (4) the distance between the existing Line MA pipeline and the Line MB easement, (5) the distance between the Line MA pipeline and the Line MB easement at the corners for some of the property, (6) the distance between the existing Line MA pipeline and some of the nearby buildings, (7) the distance between the existing Line MA pipeline and some of the nearby wells, and (8) additional property boundary features."

Mem. Op., [ECF No. 163 at 12-15]. Judge Hollander's account is at odds with Defendants' claim that Columbia has only provided "meaningless plats" responsive to Request No. 9. Defs.' Mot. to Compel, [ECF No. 222-1 at 8]. Indeed, Judge Hollander concludes that the lot and block maps, diagrams, and accompanying written descriptions identifying the parcel number, liber

Case 1:15-cv-03462-ELH   Document 236   Filed 10/06/16   Page 4 of 13
*Columbia Gas v. 252.071 Acres, et al.*
Civil Case No. ELH-15-3462
October 6, 2016
Page 4

folio number, and exact size of each easement for each property properly put Defendants "on notice of the location and size of the proposed easements." Mem. Op., [ECF No. 163 at 15].

Judge Hollander's summary corroborates Columbia's representation that it has already produced all non-privileged responsive documents. Columbia is subject to a duty to supplement if additional responsive documents are discovered, but otherwise Defendants' motion to compel further response to Request No. 9 is denied.

### ii. Request for Document Production No. 20

Defendants' Request for Document Production No. 20 asks Columbia to produce "[a]ll past or present plats, specifications, construction plans, engineering plans, and other documents relating to… the Project and the Property." Defs.' Mot. to Compel, [ECF No. 222-1 at 11]. Defendants insist that the specific technical information encompassed by Request No. 20 is relevant to the valuation of the damages done to their respective properties, and will help form the basis of Defendants' expert testimony and opinions. *Id.* at 11-12.

Columbia has agreed to produce any plats for Defendants' properties, but objects that the definition of "Project" is overly broad, unduly burdensome, and seeks information beyond the scope of this action. *Id.* Specifically, Columbia states that "the Court already entered Orders that confirm the location and size of Columbia's easements on the properties," essentially rendering Defendants' Request No. 20 superfluous. Pl.'s Opp., [ECF No. 222-2 at 2-3].

Columbia further contends that the terms "engineering plans" and "construction plans" are undefined, and thus vague and confusing. Defs.' Mot. to Compel, [ECF No. 222-1 at 11-12]. Columbia avers that its construction and engineering plans are not relevant to the issue of just compensation; they cannot be used to alter or enhance the size or location of the taking; they do not impact or contain information relevant to the market value of the property at the time of the taking; they are not relevant to damages because they do not speak to the impact any alleged fear of pipelines will have on the public when purchasing properties; and, to the extent they are indicative of post-taking severance damages, they must be brought in a separate action. Pl.'s Opp., [ECF No. 222-2 at 13-19].

Columbia is bound by a duty to continue to attempt to obtain, and to supplement, all requested discovery. Fed. R. Civ. P. 26(e). To this end, Columbia is directed to produce all plats for the Property that have not yet been produced, or have been updated since Columbia produced Revised Plats on March 6 and 7, 2016, *see* [ECF Nos. 160, 161], **within fourteen (14) days from the date of this Order.** I agree that other plats relating to "the Project" are irrelevant to the remaining issues in this case.

This leaves "specifications, construction plans, engineering plans, and other [such] documents." Defs.' Mot. to Compel, [ECF No. 222-1 at 11]. I will deny Defendants' request for "specifications" on the basis that it is undefined and, as a consequence, vague and ambiguous. Just compensation is "measured by 'the market value of the property at the time of the taking.'"

*United States v. 100.01 Acres of Land in Buchanan County*, 102 Fed. Appx. 295, 297 (4th Cir. 2004) (unpublished) (citing *United States v. 50 Acres of Land*, 469 U.S. 24, 29 (1984)). The documents sought through Request No. 20 are relevant only to the extent they aid this inquiry. Construction and engineering plans regarding Defendants' property are forward looking; they do not represent the state of the property at the time of the taking, but rather Columbia's unexecuted, evolving approach to developing, installing, and operating the Line MB Extension. As such, construction and engineering plans will not shed light on the value of the property taken or its remainder *at the time of the taking*. Any claim Defendants have to damages for the alleged dangers posed by the depth of the pipeline, the materials used in its construction, and other technical features, are beyond the scope of an action in condemnation. See *Washington Metro. Transit Auth. v. One Parcel of Land*, 549 F. Supp. 584, 591-92 (D. Md. 1982) (damages caused after the date of take not compensable as part of the taking). Except as specified above as to plats, then, the motion to compel a further response to Defendants' Request No. 20 is denied.

### iii. Interrogatory No. 18

As a preliminary matter, Columbia argues that Defendants failed to confer with Columbia about its interrogatory answers and certain document requests prior to filing a Motion to Compel, in violation of Local Rule 104.7 and the Court's Discovery Guidelines. Pl.'s Opp., [ECF No. 222-4 at 1]. Defendants have neither confirmed nor denied this allegation. While acknowledging this potential lapse in adherence to the requirements of Local Rule 104.7, I will proceed with resolving the dispute in the interest of judicial efficiency.

Defendants' Interrogatory No. 18 asks for all drawings and other construction documents which engineers, contractors, or construction employees will use to carry out survey or construction activities on or adjacent to Defendants' property relating to the Project. Defs.' Mot. to Compel, [ECF No. 222-3 at 12]. Defendants also ask Columbia to identify the custodian of any such drawings or documents. *Id.* Defendants argue that Columbia's claim that "below ground construction has nothing to do with just compensation" is erroneous "as a matter of law and fact." *Id.* at 13. Defendants maintain that field drawings specifying "[t]he exact items to be buried and their exact location on each property" are not protected by the attorney-client privilege because they are relied on by Columbia's employees or contractors performing construction work. *Id.* Defendants further insist that this information is essential to the valuation and damages assessments of Defendants' remaining properties by Defendants' experts. *Id.*

Columbia objects that Interrogatory No. 18 seeks information that is protected by the attorney-client privilege and/or work product doctrine; is beyond the scope of discovery; and is overly broad and unduly burdensome because "any documents related to the design and construction of the natural gas pipeline Columbia will install below ground in the permanent easement areas has nothing to do with the issue of just compensation." Defs.' Mot. to Compel, [ECF No. 222-3 at 12-13]. Columbia explains that the methods and equipment it will use to build the pipeline extension are not considered when determining the fair market value of Defendants' properties. Pl.'s Opp., [ECF No. 222-4 at 15].

*Columbia Gas v. 252.071 Acres, et al.*
Civil Case No. ELH-15-3462
October 6, 2016
Page 6

In its Opposition, Columbia further argues that Interrogatory No. 18 should be denied because, first, "the Court already entered Orders that confirm the location and size of Columbia's easements on the properties," and second, "this information is not relevant because any harm that occurs to the properties after the date of take or outside of the easement areas must be brought in a separate action for inverse condemnation which are issues, if at all, for another day before another tribunal." Pl.'s Opp. (citations omitted), [ECF No. 222-4 at 3 & 17-20]. Moreover, to the extent Defendants argue that they seek information to understand how the installation of the pipeline will impact their right to use the easements, Columbia explains it has already provided Defendants with Columbia's "Minimum Guidelines for Construction Near Pipeline Facilities," which answers this question. *Id.* at 17.

Columbia is right. Defendants cite no authority supporting their claim that the construction documents it seeks through Interrogatory No. 18 are relevant to determining just compensation. Moreover, as noted above, any claim for damages caused by Columbia's activities on or around the easements after the date of taking must be brought in a separate action. See *Washington Metro.*, 549 F. Supp. at 591-92 ("Because only subsurface easements were condemned in these cases, any compensation for damage to physical structures above ground due to construction methods employed by [Plaintiff's] contractors is properly recoverable only in tort actions against those contractors, or in actions against [Plaintiff] for inverse condemnation or trespass."). See also *United States v. 79.20 Acres of Land*, 710 F.2d 1352, 1356 (8th Cir. 1983) (distinguishing "between severance damages, compensable in a condemnation proceeding and *damages to the remainder* caused by physical invasion of the remainder resulting from the intended use of the land taken. … The latter are not compensable in the condemnation case.") (citations omitted). Accordingly, Defendants' motion to compel further response to Interrogatory No. 18 is denied.

### 2. Retained Experts

#### i. Amended Request for Document Production No. 16

Defendants' Amended Request for Document Production No. 16 asks Columbia to produce "[a]ll Documents and Things provided or made available to, or prepared or reviewed by, all persons retained as … experts relating to [Defendants'] Property." Defs.' Mot. to Compel, [ECF No. 222-1 at 10]. Columbia argues that this information is protected by the attorney-client privilege, work product doctrine, and Federal Rules of Civil Procedure 26(b)(3) and (4), and that the request is overly broad and unduly burdensome because it is not limited in scope, time, and as to the term "Things." *Id. See also* Pl.'s Opp., [ECF No. 222-2 at 2]. Defendants assert that Columbia's refusal to respond is improper because Defendants are entitled to know what materials Columbia's additional retained experts consulted or generated relating to the Property. Defs.' Mot. to Compel, [ECF No. 222-1 at 10].

Request No. 16 closely mirrors Request No. 15, which asks for all documents and things delivered to or seen by expert witnesses for purposes of any appraisal, evaluation or investigation

relating to the Project and Property. Defs.' Mot. to Compel, [ECF No. 222-1 at 9].[2] As best I can discern, Request No. 15 relates to expert witnesses and Request No. 16 relates to non-witness experts.

Based on this interpretation, the issue becomes one of relevance. When considering non-witness experts who may have evaluated the Property, there is a distinct difference between the opinions such experts may have rendered to Columbia and the far more tangential inquiry into anything those experts may have considered in forming their opinions. I order Columbia to produce all non-privileged Documents and Things[3] *prepared by* its retained non-witness experts relating to Defendants' property. I do not see the relevance of Documents and Things provided or made available to or reviewed by Columbia's retained non-witness experts, or opinions the non-witness experts may have expressed regarding the Project, but not the Property. Accordingly, Request No. 16 is granted in part and denied in part, and Columbia is directed to comply with the narrowed request **within fourteen (14) days from the date of this Order.**

### ii. Request for Document Production No. 21

Defendants' Request for Document Production No. 21 asks Columbia to produce all documents exchanged with expert witnesses, appraisers, engineers, or owners of the Property regarding the Property or Project. Defs.' Mot. to Compel, [ECF No. 222-1 at 13]. Defendants argue that the correspondence with other parties identified in Request No. 21 would aid Defendants in determining what Columbia's expert witnesses used to form the basis of their reports and opinions. *Id.* at 14.

Columbia objects that Request No. 21 (1) seeks information beyond the scope of Federal Rule of Civil Procedure 26; (2) seeks information that is protected by the attorney-client privilege, work product doctrine, and Federal Rule of Civil Procedure 26(b)(3) and (4); and (3) uses the term "Project," which is overly broad, unduly burdensome, and seeks information beyond the scope of this action. *Id.* at 13. Nonetheless, Columbia has promised to produce copies of communications between Columbia and Defendants concerning the property rights Columbia seeks to acquire. *Id.* Columbia also notes that Federal Rules of Civil Procedure 26(a)(2) and 26(b)(4)(C) "limit[] the scope of expert witness discovery to specific information and communications with expert witnesses that have been retained for trial." Pl.'s Opp., [ECF No. 222-2 at 2]. Accordingly, Columbia argues that since it has already agreed to produce the non-privileged information required under Rules 26(a)(2) and 26(b)(4)(C), Defendants' demand for additional documents responsive to this Request should be denied. *Id.*

---

[2] The parties have created further confusion as to Requests No. 15 and 16 because Defendants do not include Request No. 15 in their list of unresolved discovery items, [ECF No. 222 at 3], while Columbia suggests that both Requests No. 15 and 16 are in dispute. [ECF No. 222-2 at 2 & 12-13]. Because Defendants are the movant, I will treat Request No. 15 as settled, and will assume Columbia has made the required disclosures pertaining to expert witnesses.

[3] "Documents" and "Things" are adequately defined in the Instructions and Definitions to Defendants' First Request for Production of Documents and Electronically Stored Information. *See, e.g.*, [ECF No. 222-1 Def.'s Ex. B at 2].

Columbia is correct. As noted above, Defendants' Exception reveals their motive behind Request No. 21 to be "ascertain[ing] what was submitted to [Columbia's] expert witnesses to assist in selecting bases for their respective reports and opinions." Defs.' Mot. to Compel, [ECF No. 222-1 at 14]. Columbia has a duty to identify and produce this exact universe of documents pertaining to all of its retained expert witnesses, as set out in Federal Rules of Civil Procedure 26(a)(2) and 26(b)(4)(C). Defendants are entitled to no more and no less. If Columbia has fulfilled Request No. 21 through its prior expert disclosures, no further production is required; otherwise, Columbia is directed to provide additional information **within fourteen (14) days from the date of this Order.**

### 3. The 2007 Monkton Incident and Risk Analysis

Several of the discovery requests addressed below relate to an "accident related to and/or involving the natural gas pipeline that occurred in Monkton, Maryland on or around July 17, 2007." *See, e.g.*, [ECF No. 222-1 Ex. B at 4].

### i. Request for Document Production No. 23

Defendants' Request for Document Production No. 23 asks for all risk analysis performed by or for Columbia in connection with the Property or Project. Defs.' Mot. to Compel, [ECF No. 222-1 at 14]. Columbia objects to the term "Project," contends that "risk analysis" is undefined and therefore ambiguous, vague, broad, and nonspecific, and argues that the information sought exceeds the scope of the issues before this Court. *Id.* Columbia refuses to provide anything in response to the Request. *Id.* at 15. Defendants counter that "risk analysis" is a commonly used technical term in the industry, and that the information sought is a "major factor" in determining valuation and damages. *Id.*

In its Opposition, Columbia rejects the Defendants' "claim that this information will allow them to assess the 'integrity of Line MA' and the impact the public's alleged fear of the new Line MB pipeline will have on the value of their properties." Pl.'s Opp., [ECF No. 222-2 at 3]. Columbia contends that "any diminution in value caused by the public's alleged fear of pipelines must be proven by market data that demonstrates there is a nexus between the alleged fear and effect on the public when purchasing the properties." *Id.* Columbia also insists that these documents cannot affect "the public's perception of the value of Defendants' properties because they are confidential and are not available to the public." *Id.* Columbia further argues that "the risk a project may pose to the landowners is not compensable in a condemnation action because just compensation is made for the land taken, not any risk the project allegedly poses to the owners." *Id.* at 21 (citations omitted). Columbia submits that any risk analyses it performed as part of this project "is limited to assessing the construction activities related to the project." *Id.* at 22. As such, it does not contain any market data about the nexus between fear of pipelines and property values. *Id.* at 21-22.

I concur with Columbia's position. "Risk analysis" may be a commonly used term in the

*Columbia Gas v. 252.071 Acres, et al.*
Civil Case No. ELH-15-3462
October 6, 2016
Page 9

natural gas industry, but that does not mean its definition is predictable and constant in all contexts. Generally speaking, it is possible to conduct risk analysis for many purposes – including assessment and management – and on countless aspects of a property or project – including operational hazards, financing, maintenance, and construction activities, to name a few. In the absence of a definition in the discovery request, the request is vague and overbroad. The motion to compel a response to Request No. 23 is therefore denied.

> **ii. Requests for Document Production Nos. 27, 28, and 30 as to Defendant Herndon; Requests Nos. 27 and 28 as to Defendant Lowentritt; Requests Nos. 27 and 28 as to Defendant Fiergang; and Request No. 27 as to Defendant Iwanowski**

Defendants Herndon, Lowentritt, Fiergang, and Iwanowski propound various document requests relating to the 2007 Monkton Incident, including seeking information regarding its causes; the resulting environmental impact, equipment damage, and product loss; and any risk assessments and hazard analyses of the pipeline before and after the incident. Defs.' Mot. to Compel, [ECF No. 222-1 at 16-23]. Columbia raises similar objections to all of these Requests. Columbia argues that the Requests contain undefined terms rendering them ambiguous, vague, broad and/or non-specific; that some of the Requests seek information protected by the attorney-client and work-product privileges; that the Requests are beyond the scope of discovery; and that the Requests are irrelevant because they seek information that may not involve the pipeline, properties, or parties that are the subject of this action. *Id.* Columbia further contends that the documents are confidential and thus cannot influence the public's alleged fear of pipelines nor their perception of the fair market value of Defendants' property. Pl.'s Opp., [ECF No. 222-2 at 22-24]. Columbia has made no production in response to these Requests. Defs.' Mot. to Compel, [ECF No. 222-1 at 16-23].

In response, the Defendants argue that the information sought through these Requests is relevant to informing the ultimate damages opinions rendered by Defendants' engineering and valuation experts. *Id.*

Information relating to the 2007 Monkton Incident is only relevant if it sheds light on the issue of just compensation. *See United States v. 97.19 Acres of Land, More or Less, Located in Montgomery, Washington, & Alleghany Counties*, 582 F.2d 878, 881 (4th Cir. 1978) (defining just compensation as the value of the land permanently taken, the value of the land temporarily taken, and any devaluation of the remaining land due to the taking). Federal Rule of Civil Procedure 26(b)(1) requires me to consider issues of relevance, proportionality, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendants' Requests relating to the 2007 Monkton Incident fall short of these measures. To begin with, none of the Defendants establish the proximity of their properties to the Monkton Incident. Indeed, Columbia avers that the accident did not take place on the properties that are the subject of these proceedings. Pl.'s Opp., [ECF No. 222-2 at 24]. Nor do Defendants demonstrate how information regarding the causes and aftermath of the 2007 Monkton Incident translate into fair market value data about their properties generally, or on the date of the taking specifically. Since

most, if not all, of the documents sought are confidential and not publicly available, the documents cannot affect public perception of pipelines and, in turn, the fair market value of Defendants' properties. The reasons offered by Defendants to support the relevance of these Requests are speculative at best. Thus, the charge to "identif[y] and discourage[e] discovery overuse" obligates me to deny the motion to compel further response to all Requests relating to the 2007 Monkton Incident. *See* 2015 Committee Notes to Amended Rule 26(b).

### 4. Appraisals

#### i. Interrogatory No. 1

Defendants' Interrogatory No. 1 addresses the allegations in Columbia's Complaint that Columbia has undertaken unsuccessful efforts to reach agreement with the Defendants as to compensation for the easements and other interests necessary for the pipeline extension. Defs.' Mot. to Compel, [ECF No. 222-3 at 2]. Specifically, Defendants ask Columbia to identify:

(a) the date, place, amount, and form of any offer by Columbia to purchase Defendants' property interests by agreement;
(b) each person involved in making and receiving any such offer;
(c) "all appraisals and other documents upon which Columbia relied in determining the reasonableness, the bona fides, and the fair market value of each and every respective amount … offered the Defendants to purchase their property interests by agreement" as well as all persons with custody of said documents;
(d) any and all methods of appraisal used to determine the fair market value of Defendants' property interests; and
(e) whether, when, or on what occasion any appraiser inspected the land or property in question, for how long, and the nature of the investigations in detail.

*Id.* at 2-3.

Columbia responds that Interrogatory No. 1 is vague and confusing because "appraisal" is undefined. *Id.* at 3. Columbia further contends that this Interrogatory is overly broad and irrelevant because in issuing its Partial Summary Judgment ruling, this Court "specifically rejected any contention that Columbia's offer to purchase the property must be based on specific appraisal methodology." *Id.* Columbia denies using any methods of appraisal or real estate appraisers to calculate its pre-condemnation offers to purchase the easements. Pl.'s Opp. (citations omitted), [ECF No. 222-4 at 8]. Ultimately, Columbia points Defendants to a subset of previously produced documents containing "all the information responsive to this Interrogatory" pursuant to Federal Rule of Civil Procedure 33(d). Defs.' Mot. to Compel, [ECF No. 222-3 at 3]. Columbia concludes that, having provided Defendants with all notes and communications describing Columbia's attempt to negotiate the purchase of the easements, it does not possess information it could use to supplement its answer to Defendants. Pl.'s Opp., [ECF No. 222-4 at

*Columbia Gas v. 252.071 Acres, et al.*
Civil Case No. ELH-15-3462
October 6, 2016
Page 11

8].

Defendants argue that Columbia cannot rely on Rule 33(d) because Columbia has not shown that the burden of deriving or determining the answer from business records will be substantially the same for both parties. Defs.' Mot. to Compel, [ECF No. 222-3 at 3]. Moreover, Defendants insist that what appraisal method Columbia "*actually used* to derive the offers made to Defendants," "not whether Columbia was required to use any *particular* appraisal methodology," is properly discoverable. *Id.* at 4.

As noted above, the sole remaining issue before the Court is the amount of any just compensation owed to the Defendants as a result of the taking. Order Granting Pl.'s Mot. for Immediate Possession of the Easements, [ECF No. 181 at 3]. As a result, Defendants' continued interest in challenging whether Columbia properly satisfied the requirements of 15 U.S.C. § 717f(h) is misguided. *See* [ECF No. 164]. Since subparts (a), (b), and (c) of Interrogatory No. 1 are expressly tied to the now-irrelevant issue of pre-condemnation offers, I will deny the requested discovery.

Subparts (d) and (e), however, survive. While Columbia avers that it did not use methods of appraisal or real estate appraisers to calculate its pre-condemnation offers to purchase the easements, Pl.'s Opp., [ECF No. 222-4 at 8], that does not necessarily mean Columbia did not use methods of appraisal or real estate appraisers to evaluate the prospective easements generally – irrespective of whether this formed the basis of an offer to purchase Defendants' property. Appraisal activities and findings around the time of the taking are squarely relevant to determining just compensation. *See Transcon. Gas Pipe Line Co. v. Permanent Easement Totaling 2.322 Acres*, 2014 U.S. Dist. LEXIS 165697 at *8 (E.D. Va. 2014) (noting the relevance of an appraisal report that considers "sales of comparable land within a reasonable time before the taking" to determining fair market value) (citing *100.01 Acres of Land*, 102 Fed. Appx. at 298)). Therefore, Columbia must provide answers to Interrogatory No. 1 subparts (d) and (e), to the extent such answers exist, **within fourteen (14) days from the date of this Order.**

    B. **Plaintiff's Motion to Compel**

Columbia's Interrogatory No. 14 and Request for Document Production No. 3 both request information about prior appraisals of Defendants' properties. The interrogatory asks Defendants to identify whether they had their property appraised, along with the date, purpose, value given, and conclusions reached in said appraisal. Pl.'s Mot. to Compel, [ECF No. 224-1 at 4].

Columbia contends that the information sought is properly discoverable because "these appraisals will contain market data and other information that will refute Defendants' diminution in value claim." Pl.'s Reply, [ECF No. 224-3 at 2]. Columbia surmises that Defendants intend to demonstrate that the public's alleged fear of pipelines, together with Columbia's plan to install Line MB next to the preexisting Line MA on their properties, have caused their properties to

*Columbia Gas v. 252.071 Acres, et al.*
Civil Case No. ELH-15-3462
October 6, 2016
Page 12

suffer a loss in value. *Id.* Accordingly, Columbia seeks information that will defend against this claim – namely, real estate appraisals containing 1) market information or data refuting a nexus between the fear of pipelines and its effect on the public when purchasing properties and 2) information that identifies known easements and how they impact the property. *Id.* at 3-4 (citing Uniform Standards of Professional Appraisal Practices 1-4).

Similarly, Columbia's Document Production No. 3 asks Defendants for "[a]ll appraisals of the Property." Pls.' Mot. to Compel, [ECF No. 224-1 at 6]. Although Defendants agree to hand over all recent appraisals despite their objection that the Interrogatory is not limited in time, Columbia contends that Defendants intend to improperly restrict this production to just the appraisal that Defendants' expert witness is in the process of preparing. *Id.* Columbia insists that Defendants' withholding of information is an effort to conceal evidence that contradicts their theory of damages and, as such, Defendants should be compelled to respond. *Id.* at 6-7.

Defendants object that Interrogatory No. 14 is overly broad because it is not limited in scope or time, and is unlikely to lead to the discovery of admissible evidence because "documents not pertaining to the value of Defendants' Property as of the date of take do not have any bearing on these distinct value issues and are irrelevant." Pl.'s Mot. to Compel, [ECF No. 224-1 at 4-5]. Defendants further argue that the information that Columbia seeks through both pre-2012 appraisals (prior to the start of Columbia's "negotiations" with Defendants regarding Line MB) and post-2012/pre-2016 appraisals are "not relevant and lack probative value regarding the damages at issue in this litigation … [because] [i]f they exist, these appraisals would have been conducted under different conditions in the housing market and for reasons other than ascertaining the value of the take." Defs.' Opp., [ECF No. 224-2 at 2].

Real estate appraisals near (but prior to) the date of taking are more likely than not to contain market information or data relevant to calculating fair market value. *See, e.g., Transcon. Gas Pipe Line Co.*, 2014 U.S. Dist. LEXIS 165697 at *8 (citations omitted). Moreover, a diminution in value as a result of the pipeline efforts could be reflected in a comparison of earlier and later appraisals, although the change could also be attributed to other market factors. Fed. R. Civ. P. 26(b)(1). I conclude that 2011 to 2016 – from one year prior to Columbia's efforts relating to the Line MB Extension to the date of taking – constitutes a reasonable period of time prior to taking during which appraisals of Defendants' property can be deemed relevant to fair market valuation. Subject to the specified time limits, I direct Defendants to provide the information sought through Request No. 3 and Interrogatory No. 14 **within fourteen (14) days from the date of this Order.**

**IV. Conclusion**

For the reasons discussed above, Defendants' Motion to Compel, [ECF No. 222], is GRANTED IN PART and DENIED IN PART. Columbia is hereby ORDERED to provide Defendants with the information discussed herein, within the deadlines set forth herein. Columbia's Motion to Compel, [ECF No. 224], is also GRANTED IN PART and DENIED IN PART. Defendants are hereby ORDERED to provide Columbia with the information discussed

*Columbia Gas v. 252.071 Acres, et al.*
Civil Case No. ELH-15-3462
October 6, 2016
Page 13

herein, within the deadlines set forth herein. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), no fees or expenses will be awarded to either party because relief is being granted in part and denied in part.

    Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

                                        Sincerely yours,

                                        /s/

                                        Stephanie A. Gallagher
                                        United States Magistrate Judge