UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 8, 2016

LETTER TO COUNSEL

      RE:    *Columbia Gas Transmission, LLC v. 252.071 Acres, More or Less, in Baltimore County, Maryland, et al.;* Civil Case No. ELH-15-3462

Dear Counsel:

      Presently pending before the Court is Plaintiff's Motion for Protective Order seeking to limit the scope of topics and length of time for a Rule 30(b)(6) deposition. I have reviewed the Motion, Defendants' Opposition, and Plaintiff's Reply. [ECF Nos. 238, 240, 244]. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Plaintiff's Motion for Protective Order will be GRANTED IN PART and DENIED IN PART.

**I.    Background**

      Plaintiff Columbia Gas Transmission LLC ("Columbia") is authorized by the Federal Energy Regulatory Commission ("FERC") to engage in the business of transporting natural gas. Columbia has operated a natural gas pipeline ("Line MA") in and around Baltimore County since the 1960s. Pl.'s Mot., [ECF No. 238 at 1]. Columbia now seeks to construct and operate a natural gas pipeline extension known as "Line MB." *Id.* FERC issued a certificate of public convenience and necessity to Columbia for Line MB on November 21, 2013. *Id.* at 3-4. Subsequently, Columbia filed a complaint in condemnation against numerous owners of interest in real property ("Defendants"), seeking temporary and permanent easements on Defendants' properties necessary to carry out the project. *Id.* at 4. Most of the 18 sets of Defendants originally involved in this matter have settled with Columbia. The remaining Defendants, Dean L. and Jill K. Fiergang, Mary M. Herndon, Robert and Joan M. Iwanowski, Chanan and Adriana Levy, Benjamin Lowentritt, Steven G. and Lisa C. Luray, Lee Snyder, and Timothy S. Wang, are involved in the instant discovery dispute. *Id.* at 1, 3.

      In March, 2016, U.S. District Judge Ellen L. Hollander granted Columbia's Motion for Partial Summary Judgment and Immediate Possession, allowing Columbia to begin surveying and construction activities and to take immediate possession of the areas of Defendants' property over which easements are sought. *See* [ECF Nos. 163, 164]. The only issues remaining before the Court involve determining "whether Columbia is entitled to any permanent land rights in this matter" and "the amount of any just compensation owed to the [Defendants] in this matter." Order Granting Pl.'s Mot. for Immediate Possession of the Easements, [ECF No. 181 at 3]. The instant discovery dispute relates to the latter of these two issues.

In September, 2016, Defendants issued an Amended Rule 30(b)(6) Notice of Deposition for Columbia's corporate designee ("Amended Deposition Notice") and scheduled the deposition for October 24, 2016. Pl.'s Mot., [ECF No. 238 at 2]. On October 6, 2016, the Court issued a Memorandum Opinion ("Memorandum Opinion") by letter granting in part and denying in part the parties' respective Motions to Compel Discovery Responses. *See* [ECF No. 236]. Thereafter, the parties conferred about the scope of Defendants' Rule 30(b)(6) deposition topics in light of the Memorandum Opinion, but Defendants' position remained unchanged. Pl.'s Mot., [ECF No. 238 at 3]. Subsequently, on October 14, 2016, Columbia filed its Motion for Protective Order seeking to limit the scope of the 27 deposition topics identified in Defendants' Amended Deposition Notice because they are overly broad and irrelevant to the issue of just compensation. *Id.* at 2. Columbia did not produce any 30(b)(6) witnesses on October 24, 2016.

## II.     Legal Standard

Parties may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Under Federal Rule of Civil Procedure 26(b), relevance, rather than admissibility, governs whether information is discoverable. *See* Fed. R. Civ. P. 26(b)(1); *Herchenroeder v. Johns Hopkins Univ. Applied Physics Lab*, 171 F.R.D. 179, 181 (D. Md. 1997). Information sought need only "appear[] [to be] reasonably calculated to lead to the discovery of admissible evidence" to pass muster. *See Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 377 (D. Md. 2014). However, even in the case of relevant information, "the simple fact that requested information is discoverable under Rule 26(a) does not mean that discovery must be had." *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). Instead, Rule 26(b) inserts a proportionality requirement into the amount and content of the discovery sought, and requires courts to consider the "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Significantly, Rule 26(c)(1) permits courts to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "This undue burden category 'encompasses situations where [a party] seeks information irrelevant to the case.'" *U.S. Home Corp. v. Settlers Crossing, LLC*, No. DKC-08-1863, 2013 WL 553282, at *7 (D. Md. Oct. 3, 2013) (citing *HDSherer LLC v. Natural Molecular Testing Corp.*, 292 F.R.D. 305, 308 , 2013 WL 4427813, at *2 (D.S.C. July 31, 2013) (quoting *Cook v. Howard*, 484 Fed. App'x. 805, 812 n.7 (4th Cir. 2012) (per curiam)). "Thus, 'if the discovery sought has no bearing on an issue of material fact'—*i.e.*, if it is not relevant—'a protective order is proper.'" *Id.* (citations omitted).

Where a protective order is sought, the moving party bears the burden of establishing good cause. *See Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 278 (D. Md. 2012). "Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." *UAI Tech., Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C.

1988). In other words, "the Court must weigh the need for the information versus the harm in producing it." *A Helping Hand, LLC v. Baltimore Cnty.*, Md., 295 F. Supp. 2d 585, 592 (D. Md. 2003) (internal quotation marks omitted). The standard for issuance of a protective order is high. *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 125 (D. Md. 2009). However, trial courts have broad discretion to decide "when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

### III. Discussion

#### A. Failure to Attend Defendants' Scheduled October 24, 2016 Rule 30(b)(6) Deposition

Defendants argue that Columbia's failure to attend the scheduled Rule 30(b)(6) deposition was improper, because Columbia did not obtain a favorable ruling on its Motion for Protective Order prior to the proposed deposition date of October 24, 2016. Defs.' Opp., [ECF No. 240 at 2-4]. Defendants further contend that Columbia's behavior warrants sanction by the Court. *Id.* at 3 (citing Fed. R. Civ. P. 37(d)(1)(A)). Columbia avers that it timely filed a Motion for Protective Order ahead of the proposed deposition date, and that its attendance at the deposition was excused in light of the pending motion. Pl.'s Reply, [ECF No. 244 at 3]. Columbia is right. Federal Rule of Civil Procedure 37(d)(2) excuses a party properly served with notice of a Rule 30(b)(6) deposition from appearing at the deposition if that party "has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Defendants correctly note that the relief sought under Rule 26(c) is "not self-executing[;]" Columbia cannot unilaterally limit the scope of deposition topics and duration of the deposition merely by filing a motion for protective order. Rather, "the relief authorized under that rule depends on obtaining the court's order to that effect." Commentary to the 1993 Amendment of Rule 26(b). Indeed, that relief is the subject of this opinion and order. Nevertheless, "it is the *pendency* of a motion for protective order that may be urged as an excuse for [the party's failure to attend its deposition.]" *Id.* (emphasis added). As such, sanctions are unwarranted.

#### B. Motion for Protective Order – Scope of Deposition Topics

Columbia seeks a protective order to limit both the scope of the 27 deposition topics and the length of deposition time proposed in Defendants' Amended Deposition Notice. *See*, Pl.'s Mot., [ECF No. 238]. Columbia objects to all 27 deposition topics on the basis that they are overly broad, unduly burdensome, and not relevant to the issue of just compensation. *Id.* 4-5. Columbia further argues that the Court's Memorandum Opinion deemed irrelevant much of the information Defendants seek through the 27 deposition topics. *Id.* at 9. Nonetheless, Columbia has agreed to "provide a corporate deponent that will testify about: (1) the scope, size, and location of the easements on the property as depicted [in] the Court's Order granting the [Motion for Immediate Possession] and the plats attached thereto (ECF No. 181); (2) the duration of Columbia's use of the permanent and temporary easements; (3) Columbia's planned use of these easements[;] and (4) the information contained in their discovery responses." *Id.* at 5. Columbia contends that Defendants will not be prejudiced if the Court narrows the scope of deposition topics because, first, "Columbia [has already] presented substantial evidence and testimony

Case 1:15-cv-03462-ELH Document 246 Filed 12/08/16 Page 4 of 10
*Columbia Gas v. 252.071 Acres, et al.*
Civil Case No. ELH-15-3462
December 8, 2016
Page 4

about its construction plans" during a full-day evidentiary hearing on Columbia's Motion for Partial Summary Judgment and Motion for Immediate Possession, where Defendants had an opportunity to cross-examine Columbia's witnesses on these topics; second, "the Court ruled that the plats Columbia provided to Defendants provide them with all of the information they need to determine the precise size and scope [and value] of the easements located on their Properties[;]" and third, if the Court grants the instant motion, the information Defendants seek regarding valuation of the easements and any diminution in value of Defendants' properties remains discoverable through deposition of Columbia's expert real estate appraiser. *Id.* at 19-20 (citations omitted).

Defendants argue that the 27 deposition topics "are merely more detailed recitations of the [above four categories of information relating to just compensation] about which Columbia has already agreed to provide testimony." Defs.' Opp., [ECF No. 240 at 4] (citing Pl.'s Mot. 5). Defendants further contend that the Court's discussion of just compensation in its Memorandum Opinion is flawed.[1] *Id.* at 5-10. Specifically, Defendants argue that the Court erroneously relies on taking cases that do not discuss "the effect of the planned future use of the condemned property on the value of the remainder." *Id.* at 5-6. Defendants further contend that the Court misapplies case law involving compensation for severance damages to improperly conclude that "activities which will necessarily take place in the future related to the intended use of the property[] are irrelevant for purposes of determining the diminution in value to the remainder." *Id.* at 6-10. Consequently, Defendants urge the Court to find that both federal and Maryland state law support the discovery of information relating to "the diminution in value to the remainder directly caused by the taking itself and by the use of the land taken," and, in so doing, to rule that all 27 deposition topics are "relevant to or reasonably calculated to lead to the discovery of information relevant to Defendants' claim for just compensation, particularly in the form of severance damages." Pl.'s Opp., [ECF No. 240 at 10-16] (citations omitted).

Defendants do not cite, nor have I found, Fourth Circuit case law applying the substantive law of Maryland to determinations of just compensation in condemnation proceedings arising under the Natural Gas Act. Unless otherwise proscribed by Congress, federal law governs "questions of substantive right, such as the measure of compensation" for federal courts in condemnation proceedings. *U.S. v. Miller*, 317 U.S. 369, 379-80 (1942). *See also Tenn. Gas Pipeline Co. v. Permanent Easement for 1.7320 Acres*, 2014 WL 690700 (M.D. Pa. 2014) (unpublished) (concluding that federal law applies in determinations of just compensation under the Natural Gas Act). The Fourth Circuit defines just compensation in cases of partial taking as "'the value of the land taken plus the depreciation in the market value of the remainder.'" *United States v. 97.19 Acres of Land, More or Less, in Montgomery, Washington & Alleghany Counties*, 582 F.2d 878, 881 (4th Cir. 1978) (citing *West Virginia Pulp & Paper Co. v. United States*, 200 F.2d 100, 104 (4th Cir. 1952)). Moreover, "value [of the condemned land] is to be ascertained as

---

[1] Although Defendants invite the Court to "revisit[]" the issues decided in its Memorandum Opinion, the Court will not construe Defendants' Opposition as a motion for reconsideration because objections to a ruling by a Magistrate Judge must be filed "within 14 days after being served with a copy." Fed. R. Civ. P. 72(a); L. R. Civ. P. 105.10. Moreover, the Defendants have not established that the Court's ruling was contrary to law or clearly erroneous. *See* Fed. R. Civ. P. 72(a).

of the date of taking." *Miller*, 317 U.S. at 374.  Severance damages to the remainder, if any, are measured as "'the difference in market value of the residue before and after the taking.'" *United States v. 97.19 Acres of Land*, 582 F.2d at 881 (citations omitted).  Severance damages incorporate any "'injury due to the use to which the part appropriated is to be devoted[,]'" including "the hazards incident to [the proposed] use of the property taken[.]" *West Virginia Pulp*, 200 F.2d at 102 (citations omitted).  "If fear of a hazard would affect the price a knowledgeable and prudent buyer would pay to a similarly well-informed seller, diminution in value caused by that fear may be recoverable as just compensation. However, severance damages based wholly on speculation and conjecture are precluded." *Tenn. Gas. Pipeline Co.*, 2014 WL 690700 at *12 (citations omitted).

There is a line between compensable severance damages and non-compensable damages to the remainder resulting from the intended use of the property taken.  *See, e.g., WMATA v. One Parcel of Land*, 549 F. Supp. 584, 590 (D. Md. 1982) (affirming the magistrate judge's pretrial ruling which rejected evidence of post-taking damages to the surface improvements of subsurface easements as not recoverable in condemnation proceedings, but allowed recovery of post-taking damages to subsurface easements "and the accompanying potential for future adverse effects on the property" from the same injurious activities).  Information relating to the former is relevant, while information relating to the latter is not.  The above case law, though acknowledging Defendants' right to recover severance damages, does not automatically render all of the information Defendants seek as purportedly relevant to severance damages discoverable.  I will adhere to the above legal standards in addressing each of Defendants' 27 deposition topics.

      **a. Deposition Topic Nos. 1, 4, 5, 15, and 19 – Construction and pipeline placement details**

Deposition Topic Nos. 1, 4, 5, 15, and 19 relate to the design, methods, and materials used to construct Line MB.  Pl.'s Mot., [ECF No. 238 at Ex. 1].  Columbia objects that these issues are irrelevant to the value of Defendants' properties as of the date of the take because "[t]hey do not contain any market data concerning the impact any alleged fear of the pipeline will have on the public when purchasing the Properties," nor do they "provide information relevant to any diminution in value of the Properties" more generally.  *Id.* at 11; *see* Pl.'s Reply, [ECF No. 244 at 9] (citing federal cases excluding fear of hazard evidence unsupported by market data).  Columbia contends that the Court previously ruled against the discovery of these issues and should do the same here.  Pl.'s Mot., [ECF No. 283 at 9].

Defendants have a reasonable interest in knowing basic details relating to the design, methods, and materials used to construct Line MB – even if such details have been reviewed and approved by FERC.  At least some of the content specified in the above deposition topics may shed light on how to value any injury to the remainder caused by placement of Line MB on Defendants' properties.  Defendants have the right to obtain information that may inform their research and analysis of market data and comparable sales, on which its arguments regarding just compensation must ultimately rest.  Weighing Defendants' interest in the information against

Case 1:15-cv-03462-ELH   Document 246   Filed 12/08/16   Page 6 of 10
*Columbia Gas v. 252.071 Acres, et al.*
Civil Case No. ELH-15-3462
December 8, 2016
Page 6

Columbia's desire to avoid burdensome and unnecessary discovery, I will permit Defendants' inquiry into Deposition Topics Nos. 1 and 15, except that identity of the contractors and the scheduling information will be denied as irrelevant to the issue of just compensation. For this same reason, Deposition Topic No. 4 will not be allowed. Deposition Topic No. 5 will be denied partially because it is duplicative of Deposition Topic Nos. 7-10, granted in whole or in part below, and also because it is not sufficiently narrowly tailored to arrive at information relating to injury compensable through the instant proceedings.

Lastly, any injury to the remainder incident to the placement of Line MB stems from the pipeline's actual location, not from alternate routes considered and ultimately discarded. As such, I will deny inquiry into Deposition Topic No. 19, which aims to discuss "[c]onsideration of alternate routes for installation of Line MB, not involving placement of Line MB on Defendants' properties." *Id.* at Ex. 1.

### b. Deposition Topic Nos. 3 and 16 – Drawings, plats, and pictures of Line MA and Line MB

Deposition Topic Nos. 3 and 16 relate to graphic representations of Line MA and Line MB, showing their location on Defendants' properties and the proximity of the pipelines to one another. Pl.'s Mot., [ECF No. 238 at Ex. 1]. The Court previously evaluated the relevance of plats, drawings, and other visual documentation of Line MB and Defendants' properties to the remaining issue of just compensation. *See* Mem. Op., [ECF No. 236 at 3-5]. Consistent with that ruling, questions relating to Deposition Topic Nos. 3 and 16 will be permitted.

### c. Deposition Topic Nos. 2, 11, and 12 – Surveyors and Engineers

Deposition Topic Nos. 2 and 12 deals with information supplied to, as well as the identities of, surveyors involved in the Line MB project. Pl.'s Mot., [ECF No. 238 at Ex. 1]. The location of Line MB's final placement on Defendants' properties has been approved by FERC, identified in documentation produced through discovery, and is no longer disputed in these proceedings. *See, e.g.*, [ECF Nos. 163, 164, 181]. Consequently, further discovery of survey and surveyor related information would be unhelpful to determining the issue of just compensation. I will deny inquiry into Deposition Topic Nos. 2 and 12 for imposing undue burden to Columbia. For similar reasons, I will also deny inquiry into Deposition Topic No. 11, pertaining to engineers who drafted the drawings for construction.

### d. Deposition Topic Nos. 6, 7, 8, 9, and 10 – Materials relating to Line MA and Line MB

Deposition Topic Nos. 6 and 7 relate to the manufacturer or source of the pipelines, "the actual Line MA," and "the actual Line MB[;]" "any repair material installed on Line MA since its original installation[;]" and "any material installed on Line MB." Pl.'s Mot., [ECF No. 238 at Ex. 1]. As to Line MA, Defendants' request for deposition testimony regarding the manufacturing source of a pipeline and Line MA which far pre-dates the instant taking, as well

Case 1:15-cv-03462-ELH   Document 246   Filed 12/08/16   Page 7 of 10
*Columbia Gas v. 252.071 Acres, et al.*
Civil Case No. ELH-15-3462
December 8, 2016
Page 7

as over 50 years of manufacturing information for any repair material used on Line MA, is neither narrowly-tailored nor reasonably calculated to arrive at information relevant to determining just compensation in the instant case. As a result, I will deny inquiry into Deposition Topic No. 6.

In contrast, the installation of Line MB constitutes the "'use to which the part appropriated is to be devoted." *West Virginia Pulp*, 200 F.2d at 102 (citations omitted). As such, Defendants have a reasonable interest in knowing basic information about the pipeline and Line MB which may bear on valuation of the project's impact on the remainder. In balancing the Defendants' need for this information against the harm to Columbia in producing it, Deposition Topic No. 7 will be limited to the manufacturer or source of the pipeline and any material installed on Line MB for only the sections located on Defendants' properties.

Deposition Topics No. 8, 9, and 10 similarly seek information regarding materials used to construct or operate Line MA and Line MB on Defendants' properties. Pl.'s Mot., [ECF No. 238 at Ex. 1]. Again, the contents of Line MA pre-date and are not relevant to the instant taking, whereas the same details relating to Line MB might reasonably inform Defendants' claim for damages. Consequently, Deposition Topics No. 8, 9, and 10 are permissible as to Line MB only.

   e. **Deposition Topic Nos. 13, 14, and 20 – Prior negotiations and settlement offers**

Deposition Topic Nos. 13, 14, and 20 seek to discuss the "[m]ethods employed by Columbia … in calculating the amounts of compensation offered to each of the Defendants for their property rights," the identity of each person who participated in the aforementioned, and "[e]fforts by Columbia … to negotiate with each of the Defendants for their property rights via agreement" prior to filing suit. Pl.'s Mot., [ECF No. 238 at Ex. 1]. Columbia objects that these topics are irrelevant to the issue of just compensation, are "plainly inadmissible" under Federal Rule of Evidence 408, and were previously deemed "legally sufficient" for FERC Certification purposes. *Id.* at 16. Consequently, Columbia avers that these topics are "not relevant, proportional, or admissible." *Id.* at 15. This Court previously deemed information regarding Columbia's pre-condemnation offers irrelevant to the current proceedings centered on just compensation. Mem. Op., [ECF No. 236 at 11]. In contrast, this Court allowed discovery of information relating to Columbia's pre-condemnation appraisal activities as likely to be informed by, relate to, or result in market data relevant to just compensation. *Id.* Deposition Topic Nos. 13, 14 and 20 involve Columbia's pre-suit "offer," rather than "appraisal," activities. I will thus deny inquiry into Deposition Topic Nos. 13, 14, and 20 as unduly burdensome.

   f. **Deposition Topic Nos. 17, 18, and 22 – Risk assessments and modifications**

Deposition Topic Nos. 17 and 18 address risk assessments pertaining to the installation and future use of Line MB and the future use of Line MA, respectively. Pl.'s Mot., [ECF No. 238 at Ex. 1]. Deposition Topic No. 22 involves modifications to the construction of Line MB "to address public or regulators' concerns." *Id.* Columbia objects that Deposition Topic Nos.

*Columbia Gas v. 252.071 Acres, et al.*
Civil Case No. ELH-15-3462
December 8, 2016
Page 8

17, 18, and 22 have been comprehensively considered and resolved by FERC, fall within FERC's exclusive jurisdiction, and are irrelevant to the remaining issue of just compensation. *Id.* at 11-13.

Unlike Defendants' Request for Document Production No. 23, which broadly sought "all risk analysis of any nature or kind whatsoever performed by or for Columbia gas in connection with the project or property," Defs.' Mot. to Compel, [ECF No. 222 at 14], the risk assessment information Defendants seek through Deposition Topic Nos. 17 and 18 is limited in scope by its accompanying language. Pl.'s Mot., [ECF No. 238 at Ex. 1]. Moreover, even if "[s]uch analys[e]s would not contain information related to the fair market value of the easements," *Id.* at 15, the topics would be relevant if they bore on injury to the remainder, including fear of a hazard. *West Virginia Pulp*, 200 F.2d at 102 (citations omitted). However, fear of a hazard needs to "affect the price" between an informed buyer and seller in order to be recovered as just compensation. *Tenn. Gas. Pipeline Co.*, 2014 WL 690700 at *12 (citations omitted). As Columbia attests to the confidential status of its internal risk assessments relating to the construction activities for this project, it follows that the public – and market value – cannot be affected by, nor can a nexus between a fear of pipelines and its effect on property values be deduced from, this information. Pl.'s Mot., [ECF No. 238 at 15]; Pl.'s Opp., [ECF No. 222 at 22]. For this reason, I will deny inquiry into Deposition Topics Nos. 17 and 18.

In contrast, Columbia concedes that the information at Deposition Topic No. 22 draws in part from publicly-held views about the construction of Line MB. *See* Pl.'s Mot., [ECF No. 238 at 15] (acknowledging that concerns regarding Line MB were voiced by "lawmakers, non-profit organizations, and individual landowners"). On this basis, I will not restrict Deposition Topic No. 22.

### g. Deposition Topic No. 21 – Maintenance of Line MA and Line MB

Deposition Topic No. 21 involves maintenance recommendations for Line MA and Line MB. Pl.'s Mot., [ECF No. 238 at Ex. 1]. The National Gas Act grants FERC exclusive jurisdiction to regulate the transportation and sale of natural gas in interstate commerce. 15 U.S.C. §§ 717 *et seq.* As a result, enforcement of any failure by Columbia to adhere to pipeline maintenance recommendations falls to FERC. Furthermore, any injury to the remainder attributable to possible future non-compliance with maintenance recommendations is too speculative to be incorporated into severance damages. *See Tenn. Gas. Pipeline Co.*, 2014 WL 690700 at *12 ("[S]everance damages based wholly on speculation and conjecture are precluded.") (citations omitted). Accordingly, Columbia will not be deposed on Deposition Topic No. 21.

### h. Deposition Topic Nos. 24, 25, and 26 – Answers to Interrogatories and Responses to Requests for Production

Deposition Topic Nos. 24, 25, and 26 collectively seek to depose Columbia's 30(b)(6) witness regarding Columbia's Answers to Defendants' Interrogatories and Responses to

Case 1:15-cv-03462-ELH   Document 246   Filed 12/08/16   Page 9 of 10
*Columbia Gas v. 252.071 Acres, et al.*
Civil Case No. ELH-15-3462
December 8, 2016
Page 9

Defendants' Requests for Production, as well as the "[t]he identity, location, authenticity, and genuineness of all documents responsive to [the latter.]" Pl.'s Mot., [ECF No. 238 at Ex. 1]. I will grant Defendants' request to solicit deposition testimony relating to these three topics, except that Deposition Topic No. 26 will be limited to the documents produced by Columbia in response to Defendants' Requests for Production.

      i. **Deposition Topic Nos. 23 and 27 – Allegations in the Complaint and information relating to FERC Certification**

Deposition Topic No. 23 involves "[t]he allegations set forth in Columbia Gas's Complaint." Pl.'s Mot., [ECF No. 238 at Ex. 1]. Deposition Topic No. 27 seeks "[a]ll representations made in Columbia Gas's Application for the relevant FERC Certificate." *Id.* The remaining issue before the Court is the amount of any just compensation owed to Defendants as a result of the taking. *See* Order Granting Pl.'s Mot. for Immediate Possession of the Easements, [ECF No. 181 at 3]. Consequently, the majority of the allegations in Columbia's Complaint and the representations Columbia made to FERC are no longer relevant. Columbia would be unduly burdened if Defendants were to liberally depose Columbia on these topics. For this reason, Defendants are asked to specify a narrower set of allegations and representations, contained within the Complaint or FERC Application and relevant to just compensation, **within fourteen (14) days from the date of this Order**.

**C. Motion for Protective Order – Length of Deposition Time**

Columbia also asks the Court to restrict the length of time currently allotted to Defendants' Rule 30(b)(6) deposition from 20 hours, as set out in the Court's modified Scheduling Order, to 5 hours. Pl.'s Mot., [ECF No. 238 at 20]. Columbia contends that subsequent activity in this case, including the Court's rulings on Motion for Partial Summary Judgment and Motion for Immediate Possession, a reduction in number of participating defendants and counsel through settlement, and recent discovery rulings, obviates Defendants' need for 20 hours of deposition time. *Id.* Columbia suggests that 5 hours of deposition time is appropriate because it would be consistent with the Court's scheduling order in a bifurcated matter between Columbia and two original defendants in this case – Garrison Forest Associates and Five Oaks Properties. *Id.*

Defendants argue that the Court's scheduling order in the bifurcated matter is inapposite to the instant dispute because the 5 hours of deposition time was jointly requested by the parties, the issues there are different from those in this case, and the parties seem to favor limited discovery because they are moving towards settlement. Pl.'s Opp., [ECF No. 240 at 16]. Defendants further posit that "Columbia's request would reduce Defendants' deposition time below what is minimally provided by Rule 30(d)(1)." *Id.* Lastly, Defendants raise a fairness argument: Columbia has already taken over 25 hours of fact witness deposition testimony from these Defendants and should not be allowed now "to … evade its discovery obligations by limiting the time its fact witnesses can testify." *Id.* at 21.

*Columbia Gas v. 252.071 Acres, et al.*
Civil Case No. ELH-15-3462
December 8, 2016
Page 10

Federal Rule of Civil Procedure 30(d)(1) limits depositions "to one day of 7 hours," "[u]nless otherwise stipulated or ordered by the court." Fed. R. Civ. P. 30(d)(1). The Court's rulings in this opinion deny nearly half of the deposition topics set out in Defendants' Amended Deposition Notice, and further limit discovery of more than half of the remaining deposition topics. A corresponding reduction of Defendants' proposed 20 hours of deposition time arrives at roughly ten hours. As such, Defendants' Rule 30(b)(6) deposition will be limited to ten hours.

**IV.  Conclusion**

For the reasons discussed above, Columbia's Motion for Protective Order, [ECF No. 238], is GRANTED IN PART and DENIED IN PART. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), no fees or expenses will be awarded to either party because relief is being granted in part and denied in part.

Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge